**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **HARRISON PROSTHETIC CRADLE, INC.,** | Civil Action No.: 1:22-cv-00341 |
| Plaintiff, | Judge J. Philip Calabrese |
| v. | Magistrate Judge Jonathan D. Greenburg |
| **ROE DENTAL LABORATORY, INC., et al.,** | |
| Defendants. | |

## KARAN A. MOSS AND FRANK J. WITSCHEY'S RESPONSE TO ORDER TO SHOW CAUSE

Attorneys Frank J. Witschey and Karan A. Moss, Co-Counsel for Defendants, ROE Dental Laboratory, Inc. ("ROE") and Watson Guided Smile IP LLC ("Watson"), do hereby respond to the Court's Order to Show Cause dated May 11, 2022 for "any failure to strictly adhere to the requirements of Fed. R. Civ. P 11(c)(2) in the bringing of a motion under that rule against plaintiff."

I.  Background:

In January of this year Plaintiff, Harrison Prosthetic Cradle, Inc. ("Harrison") filed a patent infringement case against Defendant, Watson in District Court in the state of Delaware for alleged infringement of U.S. Patent 9,554,879 (the "879 patent"). Watson moved to dismiss and then Harrison dismissed the suit and refiled in this District Court. Harrison alleged in paragraph 19 of its complaint that venue in this Court was proper over Watson because it "resides in this District" through its "incorporation in this District". Harrison knew this allegation to be false. It knew both

that Watson did not reside in this District (it plead its principal place of business was in California) and that Watson was incorporated in the State of Delaware (the reason it initially filed in Delaware federal court). On March 23, 2022 Watson's counsel, Bruce G. Chapman, sent a letter asking counsel to correct the error so that a needless motion to dismiss could be avoided. In the letter counsel cited authority and warned that a motion to dismiss would be filed and if such a motion had to be filed, a Fed. R. Civ. P. 11(c)(2) motion for sanctions would be filed as well. The letter gave notice to plaintiff to correct its error or dismiss the suit against Watson.

Six weeks passed from the date of the March 23, 2022 letter to the due date of the Defendants' answer or motion response. No dismissal or correction was filed by Harrison and Watson filed the motion to dismiss and the motion for sanctions for having to do so. Both motions, each containing separate arguments and authority were combined into one pleading. Co- Counsel for Watson, Chapman, drafted the motion and local counsel for Watson, Frank J. Witschey, reviewed and signed the motion. Attorney Karan, A Moss was assigned by Witschey to appear on behalf of the defendants' pursuant to the firm's policy of having at least two of the firm's lawyers as counsel on each of the firm's cases. Moss was not asked to participate in the preparation of the motion and neither read the motion nor signed it.

At the status conference the Court raised defense counsels' lack of compliance with the 21-day safe harbor requirement and failure to bring its Rule 11 motion as a separate motion. The Court cited both instances as potential reasons for the issuance of court sanctions under 28 U.S.C. Section 1927 and Rule 11(b). By its Order dated May 5, 2022 the Court requested Defendants' counsel to show cause why they should not be sanctioned under those rules.

II       <u>Law and Argument</u>:

1.      <u>Attorney Karan A. Moss</u>: Attorney Moss was not assigned the task of drafting or reviewing the pleading containing the combined motions to dismiss and the motion for Rule 11 sanctions. She, did not discuss the merits of either the motions or their filing with attorneys Chapman and Witschey, did not research or draft them, did not read them, and did not sign the pleading containing them. Rule 11(b) provides in pertinent part:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

Moss did not present or sign, file, submit, or advocate the Rule 11 motion. On those facts, Attorney Moss respectfully requests this court not sanction her under 28 U.S.C. Section 1927 or Rule 11 (b)(1).

2.      <u>Attorney Frank J. Witschey and the firm Witschey Witschey & Firestine Co., LPA</u>:

A.  <u>The Safe Harbor Requirement</u>

Prior to filing Defendant's Rule 11 motion, Witschey's Co-counsel Chapman understood that there was a split in the courts regarding whether the sanctions motion itself needed to be served under Rule 11(c)(2) or whether a letter setting forth the substance of that motion sufficed. The 7th Circuit Court of Appeals has specifically found that a letter containing the same warning that would be contained in a model motion served on the offending party's counsel is the substantive equivalent to the strict terms of Rule 11. See e.g. *Nisenbaum v. Milwaukee County*, 333 F.3d 804 (7th Cir., 2003). Chapman performed legal research and similarly found cases in the Sixth Circuit that also indicated that a letter would be sufficient. *E.g. Barker v. Bank One*, 1998 U.S. App. LEXIS 17834, at *8 (6th Cir. July 30, 1998) ("We conclude that the purpose of the safe harbor

3

provision was complied with in this case by the warning letters Turner received."); *Nieves v. City of Cleveland*, 153 Fed. Appx. 349, 351 (6th Cir. 2005) (letter providing safe harbor notice); *Trans Rail Am., Inc. v. Hubbard Twp.*, 2012 U.S. Dist. LEXIS 139113, at *10 (N.D. Ohio, September 27, 2012) (granting sanctions after a "letter pursuant to Rule 11.").

Unfortunately, the research did not reveal the seminal case in the 6th District, *Penn LLC v. Prosper Business Development Corporation*, 773 F.3d 764 (6th Cir., 2014) which has since *Barker*, *Nieves*, and *Trans Rail Am* resolved the conflict within the 6th Circuit ruling strict compliance with the words of Rule 11 is needed and requires notice of the offending conduct be given through service, but not filing of, a formal motion. Witschey proofread the combined motions to dismiss and for sanctions but did not conduct independent research and was not aware of the *Penn LLC* case. While resolved in the 6th Circuit conflict remains among the Circuit courts. See e.g. *Northern Illinois Telecom, Inc. v. PNC Bank, N.A.* (7th Cir., 2017) where the court acknowledging that other districts require specific adherence to the safe harbor motion service specifically mentioned *Penn LLC*, chose not to follow it, called the issue of "substantial compliance" with Rule 11 "controversial", and then embarked on an analysis of whether PNC Bank's letters provided substantive compliance with the Rule 11 notice requirements.

Rule 11(b)(2) provides shelter from sanctions so long as there is a reasonable belief (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law. Given the "controversial" nature of substantial compliance and the fact that not all of the Circuits have resolved the issue of strict compliance, a party's advocating a letter warning as substantially in compliance within Rule 11 would not be a "frivolous" or a sanctionable violation of Rule 11, rather it would be viewed as an attempt to establish new law through an appeal to the Supreme Court

4

seeking a consistent application of Rule 11. Until an appeal before the highest court resolves this conflict among Circuit Courts, the issue remains ripe for establishment of new law.

      28 U.S.C. Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United states or any territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney fees reasonably incurred because of such conduct.

Rule 11(b)(1) is similar. It provides shelter to a party taking a position that is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation. See Rule 11(b)(1).

      Here, there was no multiplication of proceedings or any conduct which unreasonably and vexatiously caused excess cost and attorney fees. As stated, the substance of sending the letter does not multiply proceedings unreasonably, and cannot be viewed as vexatious. In fact, as noted at least one Circuit finds the "conduct" taken here to be substantial compliance with Rule 11 and expressly adopts it in fulfillment of the "safe harbor" protections. Indeed, the 6th Circuit likewise had Districts which also found a warning letter to be substantial fulfillment of service of a "model" motion as notice. Attorney Chapman put the substance of what would be filed as a motion for sanctions in letter form. The letter was intended to identify the same conduct, cite the same authorities, use essentially the same language, and state the same request for relief as the eventual motion that was filed with the Court. In this regard, the text of the letter was copied into the motion that was filed, before adding introductory and background sections. Both attorney's Chapman and Witschey believed that the letter satisfied the notice requirement of Rule 11's safe harbor provision.

The letter was sent for a proper purpose. Attorneys Chapman and Witschey did not seek or scheme for any type of unfair advantage. Indeed, Harrison's counsel was given the same detailed notice that service of a motion would have given and therefore was not prejudiced. The letter was sent to give plaintiff's counsel opportunity to reflect on the allegations it knew to be erroneous. It was not meant to harass, cause unnecessary delay, or needlessly increase or "multiply" the cost of litigation. Quite the opposite, it was an attempt to avoid wasted time, cost and expense of having to file the motion to dismiss.

Rule 11 was drafted with the understanding that the practice of law is not a profession that can be practiced with perfection. In the zealous representation of a client, mistakes can be made, arguments can be expanded too far and attorneys need an opportunity to reflect and consider their actions. This is what Rule 11(c)(2) seeks to give to attorneys, a notice that they need to reconsider and correct or withdraw their potentially offending pleadings or actions.

If a lawyer representing an adverse party engages the procedures of Rule 11 respecting an opposing attorney, the alleged offending attorney has a second chance to consider and then correct. Unfortunately, when a judge takes up the cause under Rule 11(b), the Rule is devoid of that "second chance" reflection opportunity. Most certainly, attorneys Chapman and Witschey would have made corrections to strictly comply with Rule 11 as called for by the 6th Circuit Court of Appeals had they received notice of failure to abide by the *Penn LLC* ruling. There was no advantage to their clients by providing the notice by letter and it would have been just as easy to put a case caption on the text of the letter and resend it.

For these reasons, attorney Witschey respectfully requests this Court not issue sanctions against attorneys Chapman and Witschey or their law firms for issuance of the warning letter instead of motion service.

B.  <u>The Combined Motion</u>:

Before the status conference with the Court, the undersigned counsel understood that Rule 11(c)(2) requirement that a Rule 11 motion "be made separately" prevented Rule 11 sanctions being included as simply a request for relief in another motion. *See* Notes of Advisory Committee for the 1993 Amendment to Rule 11 ("The rule provides that requests for sanctions must be made as a separate motion, *i.e.*, not simply included as an additional prayer for relief contained in another motion").

The undersigned counsel did not offend that principal. The request for Rule 11 sanctions was not simply an additional prayer in the motion to dismiss. The motion set out the request for sanctions in both the title and as a separate motion albeit made in the same pleading. It had a separate section and separate authority and reasoning and was not just a passing request for relief. The undersigned believed that the background and facts in the motion to dismiss were inextricably intertwined with the motion for Rule 11 sanctions such that the motion to dismiss could not be properly understood without reference to the fact that Plaintiff's Complaint copied venue allegations from the complaint in another district, which was also the fundamental basis for the Rule 11 motion. The undersigned viewed the relief of dismissal as integral with the request for sanctions that should be presented to the Court at one time. That is why both issues were discussed in the letter that was sent in an attempt to satisfy the safe-harbor provision.

After the status conference, and a re-reading of Rule 11(c)(2), the undersigned appreciates that the language of the Rule 11, on its face, applies the requirement for separateness to more than simply additional prayers for relief, such as requests for sanctions simply made in passing. With that in mind, the Rule 11 motion should have been filed completely separately. Again there was

no ill will or attempt to gain an unfair advantage. This was a procedural error that would have been corrected with an opportunity.

III.   Conclusion:

Attorney Moss did not present or sign the motion for Rule 11 sanctions. She did not advocate for it. She did not participate in the motion at all. For the reason that attorney Moss had no participation in the motion for Rule 11 sanctions, counsel respectfully requests she not be sanctioned.

Counsel recognizes the procedural mistake identified in the Order to Show Cause and appreciates the court's interest in making sure that all rules are followed and that proceedings are conducted efficiently and cost effectively for all. In moving for Rule 11 sanctions counsel acted in good faith and in a belief that the requirements of Rule 11(c)(2) were being met. Beyond the procedural mistake, the motion was not presented for an improper purpose, the motion was substantively warranted by existing law, and the factual contentions in the motion have evidentiary support. Fed. R. Civ. P. 11(b). By filing the Rule 11 motion, the undersigned counsel also did not intend to multiply the proceedings unreasonably and vexatiously. 28 U.S.C. § 1927.

The Rule 11 motion was combined with the motion to dismiss because of the interrelatedness of the briefing. Counsel understands that § 1927 applies when an attorney "abuses the judicial process or knowingly disregards the risk that he will needlessly multiply the proceedings." *Carter v. Hickory Healthcare*, 905 F.3d 963, 968-969 (6th Cir. 2018) (internal quotation omitted). Counsel certainly did not intend to abuse the judicial process. The intent was the opposite of that.

For the reasons stated throughout the brief, attorney Witschey respectfully requests this Court not issue sanctions against him, Mr. Chapman or their respective law firms.

8

Dated: May19, 2022          Respectfully submitted,

                         */s/ Frank J. Witschey*
                         Frank J. Witschey, Esq. #0059171
                         Karan A. Moss, Esq. #0087728
                         **WITSCHEY WITSCHEY & FIRESTINE CO., LPA**
                         405 Rothrock Road, Suite 103
                         Akron, Ohio 44321
                         Tel.:   (330) 665-5117
                         Fax:   (330) 665-7615
                         Email: fjw@witscheylaw.com
                                   kam@witscheylaw.com

                         CO-COUNSEL FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

A copy of the Response to Order to Show Cause was served upon the parties to this matter via the Court's CM/ECF system on May 19, 2022.

                                                        */s/ Frank J. Witschey*