**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **HARRISON PROSTHETIC CRADLE, INC.,** | Civil Action No.: 1:22-cv-00341 |
| Plaintiff, | |
| v. | |
| **ROE DENTAL LABORATORY, INC., et al.,** | |
| Defendants. | |

### BRUCE G. CHAPMAN'S RESPONSE TO ORDER TO SHOW CAUSE

Bruce G. Chapman, counsel for defendants ROE Dental Laboratory, Inc., Watson Guide IP LLC and Chrome Guided Systems, hereby responds to the Court's Order to Show Cause dated May 11, 2022.  The undersigned apologizes to the Court for failure to strictly adhere to the requirements of Fed. R. Civ. P. 11(c)(2).  At the status conference the Court raised compliance with the 21-day safe harbor requirement and failure to bring its Rule 11 motion as a separate motion.  Both are addressed below.

The Safe Harbor Requirement

Prior to filing Defendant's Rule 11 motion, the undersigned generally understood that there was a split in the courts regarding whether the sanctions motion itself needed to be served under Rule 11(c)(2) or whether a letter setting forth the substance of that motion sufficed.  As a result, the undersigned performed some legal research and found cases in the Sixth Circuit that appeared to indicate that a letter would be sufficient.  *E.g. Barker v. Bank One*, 1998 U.S. App. LEXIS 17834, at *8 (6th Cir. July 30, 1998) ("We conclude that the purpose of the safe harbor provision was complied with in this case by the warning letters Turner received."); *Nieves v. City*

*of Cleveland*, 153 Fed. Appx. 349, 351 (6th Cir. 2005) (letter providing safe harbor notice); *Trans Rail Am., Inc. v. Hubbard Twp.*, 2012 U.S. Dist. LEXIS 139113, at *10 (N.D. Ohio, September 27, 2012) (granting sanctions after a "letter pursuant to Rule 11.").

As a result of that research, the undersigned put the substance of what would be filed in its motion to dismiss and for sanctions in letter form. The letter was intended to identify the same conduct, cite the same authorities, use essentially the same language, and state the same request for relief as the eventual motion that was filed with the Court. In this regard, the text of the letter was copied into the motion that was filed, before adding introductory and background sections. The undersigned believed that the letter satisfied the notice requirement of Rule 11's safe harbor provision.

The undersigned should have conducted additional legal research, found contrary authority, and included a file-ready motion with his letter. The undersigned counsel regrets this failure.

### The Combined Motion

Before the status conference with the Court, the undersigned counsel understood that Rule 11(c)(2) requirement that a Rule 11 motion "be made separately" prevented Rule 11 sanctions being included as simply a request for relief in another motion. *See* Notes of Advisory Committee for the 1993 Amendment to Rule 11 ("The rule provides that requests for sanctions must be made as a separate motion, *i.e.*, not simply included as an additional prayer for relief contained in another motion").

The undersigned counsel did not intend to request Rule 11 sanctions as simply an additional prayer in the motion to dismiss, and thus set out the request for sanctions in both the title and motion, not just as a passing request for relief. The undersigned believed that the issues

in the motion to dismiss were inextricably intertwined with the motion for Rule 11 sanctions, so that the motion to dismiss could not be properly understood without reference to the fact that Plaintiff's Complaint copied venue allegation from the complaint in another district, which was also the fundamental basis for the Rule 11 motion.  The undersigned viewed the relief of dismissal as integral with the request for sanctions that should be presented to the Court at one time.  That is why both issues were discussed in the letter that was sent in an attempt to satisfy the safe-harbor provision.

After the status conference, and a re-reading of Rule 11(c)(2), the undersigned appreciates that the language of the Rule 11, on its face, applies the requirement for separateness to more than simply additional prayers for relief, such as passing requests for sanctions.  With that in mind, the Rule 11 motion should have been filed completely separately.  The undersigned specifically regrets this failure as well.

## Sanctions

Counsel recognizes the procedural mistake identified in the Order to Show Cause.  In moving for Rule 11 sanctions, though, the undersigned counsel acted in good faith in belief that the requirements of Rule 11(c)(2) were being met.  Beyond the procedural mistake, the motion was not presented for an improper purpose, the motion was substantively warranted by existing law, and the factual contentions in the motion have evidentiary support. Fed. R. Civ. P. 11(b).

By filing the Rule 11 motion, the undersigned counsel also did not intend to multiply the proceedings unreasonably and vexatiously.  28 U.S.C. § 1927.  The Rule 11 motion was combined with the motion to dismiss because of the interrelatedness of the briefing.  Counsel understands that § 1927 applies when an attorney "abuses the judicial process or knowingly disregards the risk that he will needlessly multiply the proceedings." *Carter v. Hickory*

*Healthcare*, 905 F.3d 963, 968-969 (6th Cir. 2018) (internal quotation omitted). Counsel certainly did not intend to abuse the judicial process; his intent was the opposite of that.

    The undesigned counsel was responsible for drafting the Rule 11 warning letter and the combined motion to dismiss and for sanctions, and is responsible for the conduct that is subject to the Order to Show Cause. If the Court believes sanctions are warranted, he requests that those sanctions be directed solely to him.

Dated: May 19, 2022                            Respectfully submitted,

                                                    */s/ Bruce G. Chapman*
                                                    Bruce G. Chapman (CA164258)
                                                    Karish & Bjorgum, PC
                                                    119 E. Union Street, Suite B
                                                    Pasadena, CA 91103
                                                    Telephone: (213) 785-8070
                                                    Facsimile: (213) 995-5010
                                                    Email: bruce.g.chapman@kb-ip.com

                                                    ATTORNEYS FOR DEFENDANTS

5

**CERTIFICATE OF SERVICE**

A copy of Bruce G. Chapman's Response to Order to Show Cause was served upon the parties to this matter via the Court's CM/ECF system on May 19, 2022.

*/s/ Bruce G. Chapman*