## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| HARRISON PROSTHETIC CRADLE INC., | ) ) | Case No. 1:22-cv-00341 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| | ) | Magistrate Judge |
| v. | ) | Jonathan D. Greenberg |
| | ) | |
| ROE DENTAL LABORATORY, | ) | |
| INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Plaintiff Harrison Prosthetic Cradle Inc. brought this action for patent infringement against three named Defendants:  (1) Roe Dental Laboratory, Inc., (2) Watson Guide IP LLC, and (3) Chrome Guided Systems.  It also names as Defendants various John Doe doctors.  Watson Guide moves to dismiss for improper venue under Rule 12(b)(3) and seeks an award of sanctions under Rule 11.  (ECF No. 15.)  For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Watson's motion.

### STATEMENT OF FACTS

Taking the facts alleged in the complaint as true and construing them in Plaintiff's favor, Plaintiff bases its claims on the following facts.

#### A.    The Patent

Harrison Prosthetic obtained a patent for a method of installing a final dental prosthesis:  U.S. Patent No. 9,554,879.  (ECF No. 1, ¶ 20, PageID #4; ECF No. 1-1,

PageID #26.)  As owner of the '879 patent, Harrison Prosthetic has exclusive rights to recover for past infringement.  (ECF No. 1, ¶ 21, PageID #5.)

Jason Watson controls Roe Dental Laboratory, Watson Guide IP, and Chrome Guided Systems, which are related entities.  (*Id.*, ¶ 10, PageID #3.)  At least one of these entities makes and sells a product referred to as the Chrome GuidedSmile, which enables the installation of a final dental prosthesis in a patient's mouth.  (*Id.*, ¶¶ 11 & 29, PageID #3 & #7.)  According to the complaint, the Chrome GuidedSmile infringes on the '879 patent. (*Id.*, ¶ 72, PageID #12.)

Roe Dental has its principal place of business in Ohio.  (*Id.* ¶ 3, PageID #2.)  Watson Guide is organized under the laws of Delaware and has its principal place of business in California.  (*Id.*, ¶ 6.)  Plaintiff avers that Chrome Guided Systems is incorporated and operates in an unknown State.  (*Id.*, ¶ 8, PageID #3.)  Plaintiff asserts that venue is proper in the Northern District of Ohio under the patent venue statute because Roe Dental has its principal place of business within this District and Watson Guide is intertwined with Roe Dental's infringing conduct.  According to the complaint, Roe Dental registered a trademark for a product known as the Chrome Full Arch Guided System, which Watson Guide formerly owned.  (*Id.*, ¶¶ 4 & 5, PageID #2; ECF No. 1-3.)

## B.  Prior Litigation

Harrison Prosthetic previously filed suit in the District of Delaware against Watson Guide for infringing the '879 patent.  *See Harrison Prosthetic Cradle Inc. v. Watson Guide IP LLC*, No. 1:22-cv-00098 (D. Del. Jan. 25, 2022).  Shortly after filing that suit, Watson Guide moved to dismiss for failure to state a claim under

Rule 12(b)(6).  Harrison Prosthetic did not substantively respond to the motion. Instead, Harrison Prosthetic voluntarily dismissed that action.

## STATEMENT OF THE CASE

After voluntarily dismissing the previous action against Watson Guide filed in the District of Delaware, Harrison Prosthetic filed suit in the Northern District of Ohio and added Roe Dental, Chrome Guided Systems, and the Does as Defendants. In response, Watson Guide moves for dismissal on the ground of improper venue under Rule 12(b)(3).  Additionally, Watson Guide seeks sanctions under Rule 11.

## REQUEST FOR ORAL ARGUMENT

In opposing dismissal, Plaintiff requests oral argument.  Upon review of the record and the parties' briefs, the Court finds that oral argument is not necessary for the pending motion.  The parties' briefs adequately present their respective arguments, and the potential benefits of clarifying the parties' positions do not outweigh the costs of argument measured in terms of the resources the parties and the Court would expend in preparing for argument or in the additional time argument would add to the disposition of the pending motion.

## ANALYSIS

### I. Venue

"[A]s firmly established by judicial decisions, in an action involving multiple defendants[,] venue and jurisdiction requirements must be met as to each defendant." *Magnacoustics, Inc. v. Resonance Tech. Co.*, No. 97-1247, 1997 WL 592863, at *1 (Fed. Cir. 1997) (citing 17 *Moore's Federal Practice* 3d § 111.12[4][b]).  "On a motion to dismiss for improper venue, the plaintiff bears the burden of proving that venue is

proper." *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002).  To resolve such a motion, a district court "may examine facts outside the complaint," but still must "draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff."  *Id.*  If the movant prevails, the court has discretion to decide whether it should dismiss the action or transfer it to an appropriate court.  *Id.*  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

28 U.S.C. § 1400(b) governs venue in patent cases.  Under that statute, venue properly lies either "in the judicial district where the defendant resides" or "where the defendant has committed acts of infringement and has a regular and established place of business."  *Id.*  Plaintiff concedes that the residency prong is not satisfied with respect to Watson Guide.  (ECF No. 27, PageID #264.)  Instead, Plaintiff contends that venue is proper because Watson Guide committed acts of infringement and has a regular and established place of business in the Northern District of Ohio. In its motion to dismiss, Watson Guide does not challenge Plaintiff's allegations (at the pleading stage) that it committed acts of infringement in this District.  (ECF No. 16, PageID #183–84.)  Accordingly, venue turns on whether Watson Guide has a regular and established place of business in the Northern District of Ohio.  Because Plaintiff does not know, and the record does not reflect, where Chrome Guided

Systems resides or has a regular and established place of business, the Court focuses its analysis on Watson Guide to determine the propriety of venue in this District.

### I.A.    Regular and Established Place of Business

To show that Watson Guide has a "regular and established place of business" within this District, three elements must be met:  "(1) a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).  Although no precise rule dictates whether a defendant has a regular and established place of business in a particular place and each case turns on its own facts, this venue requirement demands more than the minimum contacts necessary for establishing personal jurisdiction or for satisfying the general venue statute.  *Id.* at 1361 (citations omitted).

In the first instance, Plaintiff's argument depends on the patent joinder statute, 35 U.S.C. § 299.  Under this statute, Plaintiff argues, "joinder of defendants in a single lawsuit is appropriate where they all make, use, or sell 'the same accused product or process.'"  (ECF No. 27, PageID #269 (emphasis removed).)  Under that statute, in a patent case, "parties that are accused infringers may be joined in one action as defendants or counterclaim defendants, or have their actions consolidated for trial, only if" the action involves "the making, using, . . . offering for sale, or selling of the same accused product or process."  35 U.S.C. § 299(a)(1).  This statute requires plaintiffs alleging patent infringement to litigate actions separately against multiple *unrelated* defendants.  *See Midwest Ath. & Sports All. LLC v. Xerox Corp.*, No. 8:17-cv-478, 2018 U.S. Dist. LEXIS 206652, at *17 (D. Neb. Dec. 6, 2018).  Defendants

make no argument based on the statute.  But the patent joinder statute presents two separate questions here.

### I.A.1. The Same Accused Product

*First*, may Plaintiff properly join Watson Guide (and Chrome Guided Systems, though it did not move) to its action alleging infringement against Roe Dental?  Put another way, do Plaintiff's claims arise out of "the making, using, . . . offering for sale, or selling of the same accused product or process"?  35 U.S.C. § 299(a)(1).  On this score, Plaintiff alleges that Watson Guide licensed its intellectual property (a trademark, specifically) to Roe Dental.  (*See* ECF No. 1-3.)  But that trademark has *no* connection to Plaintiff's claims.

Additionally, Plaintiff alleges that Watson Guide has a national network of labs, including Roe Dental, with access to Chrome Guided Smile products.  (ECF No. 1, ¶ 12, PageID #3; *see also* ECF No. 1-4, PageID #58.)  Although Plaintiff argues this allegation shows that "Watson worked with Roe on manufacturing matters in this District" (ECF No. 27, PageID #269), the complaint—even construed liberally in favor of Plaintiff—stops short of making such an allegation (*see* ECF No. 1, ¶ 13, PageID #3).

However, the complaint makes plain that Plaintiff's allegations relate to "the making, using, . . . offering for sale, or selling of the same accused product or process," as Section 299(a)(1) requires for joinder.  (*See, e.g.*, ECF No. 1, ¶¶ 28 & 29, PageID #7.)  Moreover, the complaint makes clear that this action arises out of "the same transaction, occurrence, or series of transactions or occurrences."  35 U.S.C § 299(a)(1).  For example, construed in Plaintiff's favor, the complaint alleges that

6

each Defendant has participated in a series of transactions that result in the use of a dental prosthesis that allegedly infringes the '879 patent.  (*See, e.g.*, ECF No. 1, ¶ 31, PageID # 7.)  Therefore, the Court determines that Section 299(a)(1) of the patent joinder statute applies.

### I.A.2. Joinder and Venue

*Second*, because the patent joinder statute applies, the question becomes the interplay between that provision and the patent venue statute—an issue on which the Court has found limited authority.  Congress enacted the current version of the patent venue statute, codified at 28 U.S.C. § 1400, in 1948 and last made technical amendments to the statute in 1999.  Act of June 25, 1948, 62 Stat. 936; Pub. L. No. 106-44, 113 Stat. 223 (Aug. 5, 1999); *see also TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1518 (2017).  Congress enacted the patent joinder statute in 2011 and amended it in 2013.  Pub. L. No. 112-29, 125 Stat. 332 (Sept. 16, 2011); Pub. L. No. 112-274, 126 Stat. 2456 (Jan. 14, 2013).

Although this sequence of enactments might allow an argument that the patent joinder statute expands the venue requirements, nothing on the face of the statute suggests that Congress amended, modified, or in any way loosened venue requirements.  To the contrary, the statutory language that "accused infringers may be joined in one action" "*only if*" specified conditions apply reinforces the joinder statute's general limitation on the circumstances where alleged infringers may be sued in one case.  Accordingly, that language confirms that Congress intended for multiple proceedings against alleged infringers to proceed in different forums, subject

to carefully delineated exceptions.  So does the focus in Section 1400(b) on "the defendant"—making venue a defendant-specific inquiry.

Additionally, in civil litigation joinder generally operates separately from venue.  For example, Rule 21 allows a court to cure a venue defect by severing claims against a defendant.  This analogy is imperfect:  the Rules of Civil Procedure are subordinate to statutory venue requirements.  *See* Fed. R. Civ. P. 82; *see also* 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1659 (2019).  So, this practice does not formally dictate the interplay between the patent venue and joinder statutes.  Because such a rule generally governs civil practice, however, any change to that practice would be apparent on the face of the joinder statute, particularly given the presumption that Congress legislates knowing the law.  Notably, the joinder statute is silent on venue, and its language reinforces congressional intent to limit joinder in patent actions.

Applying these principles, as discussed above, this case meets the express exceptions Congress legislated that would allow joinder of the entities Plaintiff named as Defendants.  However, Section 1400(b) requires analysis of whether venue is proper as to "the defendant," and venue is only proper in this District as to Roe Dental.  Plaintiff does not allege that Watson Guide has a physical location in this District.  Instead, Plaintiff relies on the close business relationship between Roe Dental and Watson Guide (ECF No. 27, PageID #268), licenses of intellectual property between the two entities (*id.*, PageID #267–68), and collaboration on manufacturing (*id.*, PageID #269 & #269).  But these facts, even if true, do not

8

establish that Watson Guide has a regular and established place of business in this District.  "While the 'place' need not be a fixed physical presence in the sense of a formal office or store, there must still be a physical, geographic location in the district from which the business of the defendant is carried out."  *Cray*, 871 F.3d at 1362 (cleaned up); *see also Wet Sounds, Inc. v. PowerBass USA, Inc.*, No. CV H-17-3258, 2018 WL 1811354, at *3 (S.D. Tex. Apr. 17, 2018) (rejecting pendent venue argument).  Without a regular and established place of business in the Northern District of Ohio, venue as to Watson Guide is not proper here.

### I.B.    Remedy

The Court's determination that venue is not proper in this District based on the allegations in the complaint raises two separate questions.

### I.B.1. Amendment

Though it does not separately move for leave to amend, Plaintiff attached a proposed amended complaint to its opposition to Watson Guide's motion to dismiss. (*See* ECF No. 27-2; ECF No. 27-3.)  In its brief, "Plaintiff respectfully requests . . . leave to file the" proposed amendment.  (ECF No. 27, PageID #264.)  This request raises a procedural point and a substantive issue.

Procedurally, Rule 15 generally directs a court to give leave to amend freely. Fed. R. Civ. P. 15(a)(2).  However, perfunctory amendment requests at the end of a brief are inadequate.  *See Pulte Homes, Inc. v. Laborers' Int'l Union of N. Am.*, 648 F.3d 295, 305 (6th Cir. 2011).  "[A] request for leave to amend, almost as an aside, to the district court in a memorandum in opposition to the defendant's motion to dismiss is not a motion to amend."  *Alexander v. Eagle Mfg. Co.*, 714 F. App'x 504, 511 (6th

Cir. 2017) (cleaned up).  Plaintiff has not separately moved for leave to amend. Instead, it makes a contingent and informal request for leave to file an amendment. This sort of request does not comply with the Rules.

Substantively, Plaintiff seeks amendment to correct an obvious typographical error in Paragraph 19 of the complaint.  (ECF No. 1, ¶ 19, PageID #4.)  As pled, Plaintiff avers that "Watson resides in this District under the Supreme Court's opinion in *TC Heartland* . . . through its incorporation in this District."  (*Id.*)  In context, this allegation obviously refers to Roe Dental—and that is how the Court takes it, notwithstanding the scrivener's error.  In addition to correcting this mistake, the proposed amendment adds specific allegations against Watson Guide to bolster its argument for venue in this District.  (*See* ECF No. 27-3, ¶¶ 19–20, PageID #424.) But those allegations add no new facts.  So, these allegations would not change the analysis above regarding the interplay between the patent venue statute and the patent joinder statute.

For these reasons, the Court denies Plaintiff's informal amendment request.

### I.B.2. Dismissal, Severance, and Transfer

Where venue is improper, the district court has discretion to "dismiss, or if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  "Generally, the 'interest of justice' requires courts to transfer cases to the appropriate judicial district, rather than dismiss them." *Darby v. U.S. Dept. of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2013); *see also Nation v. United States Gov't*, 512 F. Supp. 121, 126–27 (S.D. Ohio 1981).

In this case, however, it does not appear that a single District provides a proper venue for litigation of this dispute in one case. Therefore, there is not a District to which the Court could transfer the matter that would not present the same venue issue this case presents.

Because transfer is not a viable option in these circumstances, the Court confronts the question whether to sever Watson Guide. Plaintiff requests that the Court do so and transfer to the District of Delaware. (ECF No. 27, PageID #270.) Section 1406 presents a problem with this approach. Under the statute, where a case is improperly venued, a court may transfer "such case"—not a party, not part of a case, *the* case. 28 U.S.C. § 1406(a). Accordingly, rather than transfer this action or sever, the Court dismisses Watson Guide from this case.

## II.    Sanctions

In seeking dismissal, counsel for Watson Guide included a request at the end of its brief that the Court impose sanctions under Rule 11 against Plaintiff. (ECF No. 16, PageID #184–85.) As a basis for this request, Watson Guide maintains that Plaintiff's grounds for venue are factually and legally baseless. (*Id.*, PageID # 185.)

Rule 11 imposes an obligation that every "pleading, written motion, or other paper" submitted to a court, after reasonable inquiry, "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). In determining whether an attorney or party violates this rule, the Court applies an objective standard of reasonableness. *See Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997) ("In this circuit, the test for imposition of Rule 11 sanctions is whether the attorney's conduct was

11

reasonable under the circumstances.") (citing *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990)). "[A]n attorney's good faith is not a defense." *Jackson v. Law Firm of O'Hara*, 875 F.2d 1224, 1229 (6th Cir. 1989).

The Court "is given wide discretion" to decide what constitutes objective reasonableness under the circumstances. *INVST Fin. Grp. Inc. v. Chem–Nuclear Sys.*, Inc., 815 F.2d 391, 401 (6th Cir. 1987). For a violation of this rule, "the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). Notwithstanding this language, the law of this Circuit mandates imposing sanctions for a violation of Rule 11. "If a district court concludes that Rule 11 has been violated, the court has no discretion and must impose sanctions." *INVST Fin. Grp.*, 815 F.2d at 401.

## II.A.  Procedural Defects

On May 11, 2022, the Court advised Defendants' counsel that the request for sanctions at the end of the motion to dismiss was procedurally defective. Indeed, Rule 11(c)(2) provides that a "motion for sanctions must be made separately from any other motion[.]" By including the request for sanctions in the motion to dismiss, Defendants failed to comply with this requirement. For this reason, the Court treated the request for sanctions as procedurally defective and void. There is no reasons to consider that request further.

However, the Court insists on strict compliance with the procedural requirements for seeking sanctions for an additional reason. Any request for sanctions should be the last resort for redressing the most egregious misconduct or abuse. Here, at what is effectively the outset of the case, even considering the prior

12

action, Defendants rushed to raise the specter of sanctions.  Indeed, counsel appreciated the error in the complaint (copying and pasting an allegation about the residence of Watson Guide from the earlier lawsuit).  (ECF No. 18, PageID #205.)  Instead of a reasoned and measured response, counsel immediately threatened sanctions.  (*Id.*, PageID #206.)  That threat had the characteristic response of making matters more difficult for the parties to address.  They also resulted in the additional expenditure of judicial resources on matters not directed to the merits of the dispute.

At best, this conduct presents the sharpest of practice.  Threatening sanctions casually or as a matter of course has no place among officers of the court—again, except in the most egregious cases and, then, only as a last resort.  The type of conduct on display here threatens the civility and professionalism on which the Rules and the Court rely to resolve disputes.  And it will not be tolerated.

### II.B.  Order to Show Cause

In their eagerness to seek sanctions, Defendants overlooked the basic requirements of Rule 11.  For this reason, the Court ordered Defendants and their counsel to show cause why they or their counsel should not be sanctioned.  (ECF No. 22.)  On that issue, the record before the Court shows that Mr. Chapman had primary responsibility for the strategy, research, and drafting of the application for sanctions.  (ECF No. 29, ¶ 3, PageID #455; ECF No. 30, ¶ 6, PageID #460.)  That research evidently failed to locate authority from the Sixth Circuit about the proper procedural prerequisites for seeking sanctions.  (ECF No. 25, PageID #243; ECF No. 29, ¶ 7, PageID #456.)  Nor did that research identify the Court's prior decision in *Kenyon v. Union Home Mortgage Corp.*, No. 1:21-CV-01426, 2022 WL 621552 (N.D.

Ohio Mar. 3, 2022). That case presented structurally similar facts: the defendant moved to dismiss and, when the plaintiff abandoned claims in response, sought sanctions for assertion of the abandoned claims in the first place. In doing so, the defendant failed to request sanctions in a separate motion or comply with Rule 11's safe-harbor provision. The Court found that such conduct was objectively unreasonable and itself violated Rule 11. *Id.* at *3.

Notwithstanding the similarities between the conduct at issue here and in *Kenyon*, this case presents one important difference. Here, counsel conducted research to determine the requirements for a Rule 11 motion, and the Court cannot say counsel's attestation to this research lacks credibility. In contrast, in *Kenyon*, the lawyer did not know about the safe-harbor provision of Rule 11 or his own firm's internal requirements for seeking sanctions. Although counsel's efforts did not locate the relevant authority, and might even have been negligent, the Court is not prepared to say that even negligent diligence meets a standard of objective unreasonableness. Therefore, based on the totality of the circumstances and the record in this case, the Court exercises its discretion to find that Defendants' counsel did not engage in sanctionable conduct.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Watson Guide's motion to dismiss. This case will proceed as to the remaining Defendants. Further, the Court **DENIES** Watson Guide's request for sanctions.

**SO ORDERED.**

Dated:  June 17, 2022

_____

J. Philip Calabrese
United States District Judge
Northern District of Ohio